**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNIVEST CAPITAL, INC.** | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| **TRAILPODS ACCEPTANCE** | : |
| **CORPORATION, COWS USA, LLC,** | : |
| **J J J J HOLDINGS, LLC, MICHAEL** | : |
| **FRANK, ANA FRANK and DOES 1-10** | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Univest Capital, Inc. ("Univest"), by and through its attorneys, Cohen Fineman,

LLC, for its Complaint against Defendants, Trailpods Acceptance Corporation, COWS USA,

LLC, J J J J Holdings, LLC, Michael Frank, Ana Frank and Does 1-10 (collectively,

"Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.       This is an action resulting from Defendants' breach of a Master Agreement for Sale and

Assignment of Contracts (hereafter "Master Agreement") and the individual defendants'

subsequent fraudulent activity related thereto.

2.       Plaintiff, a Pennsylvania-based bank, has suffered irreparable harm based upon

Defendants' unlawful conduct.

## JURISDICTION AND VENUE

3.      The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over Defendants in that Defendants previously agreed, via the Master Agreement, that Pennsylvania law would govern all legal disputes between the parties and that this Court would serve as a proper forum for hearing said disputes.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, omissions and events giving rise to the claims asserted in this Complaint occurred in this judicial district.

## PARTIES

6.      Plaintiff, Univest Capital, Inc., is a Pennsylvania-based corporation authorized to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 3220 Tillman Drive, Suite 503, PO Box 1329, Bensalem, PA 19020-1329.

7.      Defendant, Trailpods Acceptance Corporation (hereafter "Trailpods"), on information and belief, is a for-profit corporation organized and existing under the laws of Florida, having as its registered agent, the Orlofsky Law Firm, P.L., located at 767 Arthur Godfrey Road, Miami Beach, Florida 33140.

8.      Defendant, COWS USA, LLC (hereafter "COWS"), on information and belief, is a Florida limited liability company, having as its registered agent, Legon Foidman, PA, 3225 Aviation Avenue, Suite 301, Miami, Florida 33133.

9.      Defendant, J J J J Holdings, LLC (hereafter "J Holdings"), on information and belief, is a Florida limited liability company who is the managing member of COWS, and has, as its

2

registered agent, Legon Foidman, PA, whose address is 3225 Aviation Avenue, Suite 301, Miami, Florida 33133.

10.    Defendant, Michael Frank, an adult individual, on information and belief is a principal of Trailpods, COWS and J Holdings. His address is 13055 SW 238th Street, Homestead, Florida 33032.

11.    Defendant, Ana Frank, an adult individual, on information and belief is Michael Frank's spouse and a principal of Trailpods, COWS and J Holdings. Her address is 13055 SW 238th Street, Homestead, Florida 33032.

12.    Defendants, Michael Frank and Ana Frank, hereafter will be referred to collectively as "the Franks."

13.    Defendants Does 1 through 10 are other companies or organizations that are controlled by the Franks and helped them perpetrate their fraudulent schemes or companies or organizations that knew and understood that the Master Agreement existed and nevertheless interfered with Plaintiff's contractual rights under same. Plaintiff is unaware of the true names or capacities of Does 1 through 10. Plaintiff is informed and believes, and on that basis avers, that Does 1 through 10 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the other Defendants, and/or (c) otherwise participated in the acts alleged herein with the other Defendants. Accordingly, Defendants Does 1 through 10 each are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged herein. Plaintiff will amend the Complaint to state the true names of Defendants Does 1 through 10 when their identities are discovered.

## FACTS GIVING RISE TO THIS ACTION

14.    On or about January 15, 2012, Univest and Trailpods entered into a Master Agreement that dictated the terms of an agreement wherein Univest agreed to purchase an existing portfolio of lease agreements (hereafter "Contracts") previously originated by Trailpods for approximately $1,050,000.00. A true and correct copy of the Master Agreement is attached hereto, made a part hereof and marked as Exhibit "A."

15.    For its purchase price, Univest expected to receive in excess of $2.3 Million Dollars in lease receivables over the duration of the leases.

16.    The collateral underpinning the lease agreements is comprised of individual, self-contained storage units called COWs, which is an acronym for "containers on wheels."

17.    On information and belief, the COWs containers were leased nationally to smaller businesses that, in turn, were in the business of providing storage and storage solutions to their customers who then rented the COWs containers.

18.    Originally, Michael Frank was the principal of Trailpods when the Master Agreement was executed, and he served as the public face of COWS until early 2019.

19.    In the beginning months of 2019, Ana Frank became more involved in the operations of Trailpods and COWS and eventually became the day-to-day contact with Univest concerning COWS' contractual issues and the face of COWS.

20.    Per the terms of the Master Agreement, Univest holds security interests in the physical COWs containers during the course of the leases and Trailpods holds a residual interest the containers, an interest that vests only when all of the terms and conditions of said leases are fully satisfied.

4

21.     Trailpods' cash collateral holdback of $250,000.00 has been exhausted and it never replenished the loan loss reserve as agreed in the Master Agreement.

22.     On or around the first quarter of 2019, Univest was made aware that the Franks, as agents of Trailpods and/or COWS, were transferring and re-financing individual COWs units (subject to active and existing Contracts) to other banks without Univest's knowledge or consent.

23.     Material to its fraudulent scheme, the Franks promised its end-users (Univest's lessees) that they would "take care of" the collateral and Univest's remaining lease payments.

24.     The Franks had no intention of notifying Univest of their scheme or of paying off the balances of the leases for which they removed the collateral without Univest's consent.

25.     The subject banks that agreed to re-finance the Contracts per this scheme knew or should have known that Univest had an existing ownership and security position in the subject COWS' collateral.

26.     In addition, in the first quarter of 2019 Univest discovered that the Franks, as agents of Trailpods and/or COWS, had misrepresented the remaining payment streams on certain Contracts such that a certain number of Univest's lessees actually owed less than the stated amount on their Contracts as presented by Defendants.

27.     These material misrepresentations of the Contract balances on the lease portfolio are clearly fraudulent acts that induced Univest to purchase the portfolio at the outset.

28.     On April 12, 2019, Univest demanded that Trailpods and/or COWS repurchase four (4) distinct Contracts for $99,644.49 based upon breaches of the Master Agreement and specifically Sections 5.b, 6.b(11) and 10.b. A true and correct copy of said demand letter is attached hereto, made a part hereof and marked as Exhibit "B."

29.     Trailpods and/or COWS and the Franks have failed to respond to Univest's demand for re-purchase under the Master Agreement and have since ceased all communications with Univest.

30.     On information and belief, Trailpods and/or COWS, the Franks and other heretofore unidentified parties have interfered with and frustrated Univest's Contracts with its lessees to the extent that all of the maturing leases in the subject portfolio are at risk today.

31.     Based on the Defendants' collective fraudulent conduct concerning the subject Contracts and attendant collateral, Univest has been substantially harmed.

**COUNT I**
**COMMON LAW FRAUD**
**(AS TO ALL DEFENDANTS)**

32.     Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

33.     Defendants made false representations to Univest regarding the actual balances owed on the Contracts, material to Plaintiff's execution of the Master Agreement, that were made falsely, with knowledge of their falsity or recklessness as to whether said statements were true or false.

34.     Defendants made affirmative representations and warranties that they would not interfere with Univest's secured position in the portfolio collateral, but did so notwithstanding having made said representations to Univest.

35.     Defendants made said statements with the intent of misleading Univest into relying upon them.

36.     Univest justifiably relied on the misrepresentation of Defendants regarding the actual remaining streams of payments left on the Contracts and Univest's resulting injury was proximately caused by the reliance.

37.     Univest justifiably relied upon the representations and warranties given by Defendants that they would not interfere with the subject portfolio collateral; Defendants' subsequent interference with same resulted in injury to Univest that was proximately caused by Defendants' conduct.

## COUNT II
## BREACH OF CONTRACT
### (AS TO DEFENDANT TRAILPODS ONLY)

38.     Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

39.     By misrepresenting the remaining lease stream payments on certain Contracts in the portfolio covered by the Master Agreement and transferring lease collateral to third parties without Univest's express consent, Defendant Trailpods has violated Sections 5.b, 6.b(11) and 10.b of the Master Agreement.

40.     As a result of Defendant Trailpods' breach, Univest has suffered material and ascertainable losses.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (AS TO ALL DEFENDANTS)

41.     Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

42.     Defendants' underhanded conduct with respect to their dealings with Univest regarding the undisclosed and unreimbursed transfer of lease collateral and their misrepresentation of the balance owed on certain lease Contracts betrays a breach of their duty of good faith and fair dealing.

43.     Defendants made material misrepresentations upon which Univest detrimentally relied.

44.     Univest has been economically damaged as a result of Defendants' derogation of their duty to act in good faith and fairly towards Univest.

## COUNT IV
## PIERCING THE CORPORATE VEIL
### (AS TO DEFENDANTS TRAILPODS, COWS and J HOLDINGS)

45.     Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

46.     While couched as corporations and limited liability companies respectively, Trailpods, COWS and J Holdings are mere alter-egos of Defendants, Michael and Ana Frank.

47.     On information and belief, Trailpods, COWS and J Holdings are undercapitalized entities that the Franks use to shield themselves from personal liability while furthering their fraudulent schemes and underhanded activities as detailed above.

48.     The Franks effectively control the decision-making and steer the activities in which Trailpods, COWS and J Holdings participate.

49.     On information and belief, Trailpods, COWS and J Holdings do not observe corporate formalities dictated by Florida law.

50.     Based upon the foregoing, the business and corporate structures of Trailpods, COWS and J Holdings should be ignored in favor of exposing the Franks to full joint and several liability for their actions.

## COUNT V
## TORTIOUS INTERFERENCE
### (AS TO DEFENDANTS DOES 1-10)

51.     Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

8

52.    To the extent that certain third-party banks/financiers participated in Defendants' scheme to re-finance and remove certain collateral subject to the Master Agreement and Univest's filed security statements, said heretofore unidentified banks/financiers have tortiously interfered with Univest's contractual rights significantly.

53.    Specifically, these unidentified third-party banks knew or should have known, through a quick search of UCC filings – a standard practice in the banking industry -- that the subject collateral was actively encumbered by Univest's security interests.

54.    Nevertheless, these unidentified third-party banks/financiers intentionally, knowingly and willingly acceded to entering into re-financing agreements secured by Defendants.

55.    Not one heretofore unidentified third-party bank/financier contacted Univest to ascertain the status of any Contracts subject to the Master Agreement.

56.    Based on the egregious conduct of these heretofore unidentified third-party banks/financiers known as Defendant Does 1-10, Univest has been materially harmed.

## PRAYER FOR RELIEF

57.    Plaintiff, Univest Capital, Inc., incorporates by reference all prior paragraphs as though same were set forth herein at length.

**WHEREFORE**, Plaintiff, Univest Capital, Inc., requests that this Court grant the following relief against Defendants, jointly and severally:

- Damages for breach of contract in excess of $1,300,000.00;

- Punitive damages;

- Reasonable attorney's fees;

- Recoverable costs; and

- Pre and post judgment interest.

Respectfully submitted,

COHEN FINEMAN, LLC

_____ (PA ID No. 75717)
Samuel B. Fineman, Esq.
Attorney for Plaintiff
1999 Marlton Pike E.
Suite 4
Cherry Hill, NJ 08003
(856) 304-0699 – tel.
(856) 489-5088 – fax
sfineman@cohenfineman.com